| | | |
|---|---|---|
| DONALD DAVID ELLISON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **O R D E R** |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**THIS MATTER** is before this Court upon Petitioner's "Motion to Vacate Judgment Or Set Aside Sentence," filed June 22, 2006. After having carefully reviewed the Petitioner's Motion, the record of the Petitioner's criminal case and the relevant legal precedent, the Court concludes, out of an abundance of caution, that the Petitioner's Motion to Vacate should be <u>granted</u>, but only for the purpose of allowing him to pursue a direct appeal of his conviction and sentence in his underlying criminal case.

## I. <u>FACTUAL AND PROCEDURAL</u>

According to the record, Petitioner (along with several other defendants) was named in a multi-count Bill of Indictment which charged that the Petitioner had conspired to possess with intent to distribute quantities of methamphetamine, in violation of 21 U.S.C. § 841 and 846 and that Petitioner possessed psuedoephedrine with intent to manufacture methamphetamine in violation of 21 U.S.C. § 841 and 18 U.S.C. § 2. On March 4, 2005 Petitioner entered a straight up guilty plea

to the Indictment. On July 13, 2005 this Court sentenced Petitioner to 188 months imprisonment on Count One of the Indictment to run concurrent to the sentence of 188 months imprisonment on Count 11of the Indictment to be followed by five years of supervised release.

The Petitioner did not directly appeal his conviction or sentence. Rather, on June 22, 2006, the Petitioner filed the instant Motion to Vacate. By this Motion, Petitioner alleges claims of ineffective assistance of counsel, that his sentence was illegally calculated using unconstitutional sentencing guidelines, and that his fifth and sixth amendment rights were violated when he received a gun enhancement. Additionally, in his affidavit in support of his motion, Petitioner explained that after he received his sentence he told his attorney he was unhappy with the sentence and asked him to file an appeal on his behalf. Petitioner contends that his attorney assured him that he would get back in touch with Petitioner but that he never did. Petitioner also alleges that he did reach his attorney by phone on one occasion and asked that he send Petitioner all legal documents from the case. Again, Petitioner's counsel assured Petitioner he would send the requested materials but he did not. Finally, Petitioner asks that the clerk of court file this "2255 appeal" only if his lawyer has not already done so.

Upon careful consideration of this matter, the Court finds that the Petitioner's Motion to Vacate should be granted for the limited purpose of allowing him to perfect a direct appeal.

## II. <u>ANALYSIS</u>

Indeed, in the <u>United States v. Witherspoon</u>, 231 F.3d 923 (4th Cir. 2000), the Court noted that not just the failure to file an appeal as requested, but even the failure to consult with a client concerning whether or not to appeal constitutes ineffective assistance of counsel. <u>See also</u> <u>United States v. Peak</u>, 992 F.2d 39, 42 (4th Cir. 1993) (an attorneys failure to file an appeal, when requested

by his client – irrespective of the merits of the appeal); and Evitts v. Lucey, 469 U.S. 387, 391-05 (1985) (same).

In the instant case, Petitioner has alleged that after he was sentenced, he asked his attorney to file an appeal on his behalf but that, to his knowledge, his attorney never did so. Even if the government were to file an answer or other response which attached an affidavit or other document in which counsel simply denies having known that the Petitioner wanted to appeal, this Court still would be compelled to give the Petitioner the benefit of the doubt.

Accordingly, in light of Witherspoon, Evitts and Peak, the Court finds that the Petitioner's Motion to Vacate should be granted. That is, in cases such as this one, the prescribed remedy is to vacate the original Judgment and enter a new Judgment from which an appeal can be taken. Thus, the Court will vacate its Judgment so that the Petitioner may appeal his conviction and/or sentence.

## III. NOTICE OF APPELLATE RIGHTS

Mr. Ellison, you are hereby advised that you have an absolute right to appeal your criminal case and any issues in it to the Fourth Circuit Court of Appeals. If you decide to do that, you will have to file a Notice of Appeal with the Clerk of this District within 10 days after the day your new Judgment of conviction is filed with this Court, or within 10 days after any government appeal is filed with this Court, whichever day comes later. The Clerk will assist you in preparing your Notice of Appeal if you so request.

If you previously were determined to be indigent in connection with your criminal case, or if you are now indigent an unable to pay for an appeal, you may request permission to proceed on appeal without prepayment of the applicable filing fees.

## IV. ORDER

3

**NOW THEREFORE, IT IS HEREBY ORDERED:**

1.      That the Petitioner's Motion to Vacate is **GRANTED**;

2.      That the Petitioner's original Judgment is **VACATED** due to counsel's failure to file an appeal on the Petitioner's behalf;

3.      That the Clerk is directed to prepare a new Judgment with the same sentence and conditions as indicated on the original Judgment form; and

4.      That the Petitioner may appeal from his new Judgment as has been explained in this Order.


**SO ORDERED**.


Signed: June 22, 2006


Richard L. Voorhees
United States District Judge